B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**  (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS**  TTW Transport, Inc. | **DEFENDANTS**  David Revolorio, an individual and as a principal of Elite Container Solutions, Inc.  See attached for additional Defendants |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)  Thomas J. Polis, Esq., Polis & Associates, APLC  19800 MacArthur Blvd, #1000, Irvine, CA 92612  Tel: 949.862.0040; Fax: 949.862.0041; Email: tom@polis-law.com | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)  ☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin  ☐ Creditor  ☐ Other  ☐ Trustee | **PARTY** (Check One Box Only)  ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin  ☐ Creditor  ☒ Other  ☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)  Breach of Fiduciary Duty; Conversion; Money Had and Received; Unjust Enrichment; Turnover of Property 11 U.S.C. §542 Avoidance and Recovery of Fraudulent Transfer 11 U.S.C. §548; Avoidance and Recovery of Fraudulent Transfer Cal. Civil Code §3439(a)(1); and Violation of California Penal Code §496(a) ||

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought ||

## ADDITIONAL DEFENDANTS

Elite Container Solutions, Inc., a California corporation; Edgar I. Reynaga, an individual and as a principal of Reynaga Trucking, Inc.; Reynaga Trucking, Inc., a California corporation; Rey Jose Garcia, an individual; Shayla Harris, an individual; Box In Motion, Inc., a California corporation; Diana Livas, an individual; and Max Piwdee, an individual

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>TTW Transport, Inc. || BANKRUPTCY CASE NO.<br>8:24-bk-10559-SC ||
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California || DIVISION OFFICE<br>Santa Ana | NAME OF JUDGE<br>Scott Clarkson |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Thomas J. Polis ||||
| DATE<br>5/2/2024 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Thomas J. Polis |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Thomas J. Polis, Esq. (SBN 119326)<br>Polis & Associates, APLC<br>19800 MacArthur Blvd., Suite 1000<br>Irvine, CA 92612<br>Tel: 949.862.0040<br>Fax: 949.862.0041<br>Email: tom@polis-law.com<br><br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>TTW Transport, Inc.,<br><br><br>Debtor(s). | CASE NO.: 8:24-bk-10559-SC<br>CHAPTER: 11<br>ADVERSARY NO.: |
|---|---|
| TTW Transport, Inc.,<br><br><br><br>Plaintiff(s)<br>Versus<br>David Revolorio, an individual and as a principal of Elite Container Solutions, Inc.;<br>See attached for additional Defendants<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING**<br>**[LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

**Hearing Date:** _____  **Address:**
**Time:** _____
**Courtroom:** _____
  ☐ 255 East Temple Street, Los Angeles, CA 90012
  ☐ 3420 Twelfth Street, Riverside, CA 92501
  ☒ 411 West Fourth Street, Santa Ana, CA 92701
  ☐ 1415 State Street, Santa Barbara, CA 93101
  ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*    Page 1    **F 7004-1.SUMMONS.ADV.PROC**

## **ADDITIONAL DEFENDANTS**

Elite Container Solutions, Inc., a California corporation; Edgar I. Reynaga, an individual and as a principal of Reynaga Trucking, Inc.; Reynaga Trucking, Inc., a California corporation; Rey Jose Garcia, an individual; Shayla Harris, an individual; Box In Motion, Inc., a California corporation; Diana Livas, an individual; and Max Piwdee, an individual

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.**  All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report.  The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                **KATHLEEN J. CAMPBELL**
                **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
                Deputy Clerk

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 2                    **F 7004-1.SUMMONS.ADV.PROC**

...

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

_____

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____  _____  _____
*Date*           *Printed Name*            *Signature*

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*    Page 3    **F 7004-1.SUMMONS.ADV.PROC**

Thomas J. Polis, Esq. (SBN 119326)
**POLIS & ASSOCIATES**
**A PROFESSIONAL LAW CORPORATION**
19800 MacArthur Boulevard, Suite 1000
Irvine, California 92612-2433
Telephone: (949) 862-0040
Facsimile: (949) 862-0041
E-Mail: tom@polis-law.com

General Counsel for Debtor, TTW Transport, Inc.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>TTW Transport, Inc.,<br><br>Debtor/Debtor-in-Possession.<br><br>―――――――――――――――<br>TTW Transport, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>David Revolorio, an individual and as a principal of Elite Container Solutions, Inc.; Elite Container Solutions, Inc., a California corporation; Edgar I. Reynaga, an individual and as a principal of Reynaga Trucking, Inc.; Reynaga Trucking, Inc., a California corporation; Rey Jose Garcia, an individual; Shayla Harris, an individual; Box In Motion, Inc., a California corporation; Diana Livas, an individual; and Max Piwdee, an individual;<br><br>Defendants. | Case No. 8:24-bk-10559-SC<br><br>Chapter 11<br><br>Adv. Proc. No. 8:24-ap-_____-SC<br><br>**DEBTOR'S COMPLAINT FOR:**<br><br>1. **BREACH OF FIDUCIARY DUTY;**<br><br>2. **CONVERSION;**<br><br>3. **MONEY HAD AND RECEIVED;**<br><br>4. **UNJUST ENRICHMENT;**<br><br>5. **TURNOVER OF PROPERTY OF THE ESTATE (11 U.S.C. 542);**<br><br>6. **AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER (11 U.S.C. § 548);**<br><br>7. **AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER (CAL. CIVIL CODE § 3439(a)(1); AND**<br><br>8. **VIOLATION OF CALIFORNIA PENAL CODE § 496(a)** |

Plaintiff, TTW Transport, Inc., Debtor/Debtor-in-Possession, Case No. 8:24-bk-10559-SC ("Plaintiff-Debtor"), files this Complaint against Defendants, David Revolorio, an individual and as a principal of Elite Container Solutions, Inc.; Elite Container Solutions, Inc., a California corporation; Edgar I. Reynaga, an individual and as a principal of Reynaga Trucking, Inc.;

Reynaga Trucking, Inc., a California corporation; Jose Garcia, an individual; Shayla Harris, an individual; Box In Motion, Inc., a California corporation; Diana Livas, an individual; and Max Piwdee, an individual.

## SUMMARY OF CLAIMS

1.  Plaintiff-Debtor, TTW Transport, Inc. is asserting claims on behalf of the Debtor's bankruptcy estate against all Defendants whereby the Defendants acting in concert with each other, the majority of which were former employees of the Debtor, breached their fiduciary duties by looting and fraudulently transferring the Debtor's assets and monies totaling over $4,000,000 and otherwise misappropriating the Debtor's business opportunities by setting up a competing entity in the same industry that the Debtor was engaged and otherwise defrauding the Debtor's creditors. The fraudulent scheme alleged herein was allegedly orchestrated by the Debtor's now former Director of Operations, David Revolorio, a named Defendant herein, and a principal of named Defendant Elite Container Solutions, Inc. By this Complaint, the Debtor seeks to recover damages from such torturous conduct and avoid and recover the Debtor's fraudulent transfers for the benefit of the Debtor's estate.

## STATEMENT OF JURISDICTION AND VENUE

2.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Moreover, this adversary proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), 157(b)(2)(E) and 157(b)(2)(H).

3.  Venue properly lies in this Judicial District in that this civil proceeding arises under Title 11 of the United States Code as provided for under 28 U.S.C. § 1409.

4.  The Debtor's bankruptcy case was commenced by the filing of a Voluntary Petition for Bankruptcy under Chapter 11 on March 6, 2024 ("Petition Date"). At all times since the Debtor's Petition Date, the Debtor has operated as a debtor-in-possession pursuant to Section 1107 of the Bankruptcy Code.

5.  This Adversary Proceeding arises out of and relates to the Chapter 11 bankruptcy case of *In re TTW Transport, Inc.*, Case No.:8:24-bk-10559-SC on the docket of this Court. To the extent that the Plaintiff-Debtor, TTW's claims asserted hereunder arise under Section 544(b)

1  of the Bankruptcy Code, the Plaintiff-Debtor, TTW asserts the rights of the unsecured creditors
2  who were creditors at the time of the transactions set forth herein and remained a creditor as
3  of the filing of the Debtor's Petition.

**THE PARTIES**

5  6. Plaintiff-Debtor, TTW Transport, Inc. is the Debtor and Debtor-in-Possession in
6  the above-captioned Chapter 11 bankruptcy case. At all times since the Debtor's Petition Date
7  of March 6, 2024, the Debtor has remained in possession of its business affairs as a Debtor-in-
8  Possession under Section 1107 of the Bankruptcy Code.

9  7. Plaintiff-Debtor, TTW is informed and believes and thereon alleges that
10  Defendant, David Revolorio's mailing address is 10224 San Anselmo, South Gate, CA 90280.

11  8. Plaintiff-Debtor, TTW is informed and believes and thereon alleges that
12  Defendant, Edgar I. Reynaga's mailing address is 2121 W. Imperial Highway, No. 493, La
13  Habra, CA 90631.

14  9. Plaintiff-Debtor, TTW is informed and believes and thereon alleges that
15  Defendant, Jose Garcia's mailing address is 7416 3rd Street, Downey, CA 90241.

16  10. Plaintiff-Debtor, TTW is informed and believes and thereon alleges that
17  Defendant, Shayla Harris' address is 15704 Clark Avenue, Bellflower, CA 90706.

18  11. Plaintiff-Debtor, TTW is informed and believes and thereon alleges that
19  Defendant, Diana Livas' address is 336 N. 6th Street, Montebello, CA 90640.

20  12. Plaintiff-Debtor, TTW is informed and believes and thereon alleges that
21  Defendant, Max Piwdee's address is 1073 E. 71st Way, Long Beach, CA 90805.

22  13. Plaintiff-Debtor, TTW is informed and believes, and thereon alleges that
23  Defendant, Elite Container Solutions, Inc., is a California corporation with a principal place of
24  business located at 2850 N. Glassell Street, Orange, California 90262 and/or 11440 Bullis Rd,.
25  Lynwood, CA 90262. Plaintiff-Debtor, TTW is also informed and thereon alleges that Defendant
26  Elite Container Solutions, Inc. maintains an agent for service of process in California with Legal
27  Solutions, Inc., located at 8939 S. Sepulveda Blvd., Suite 102, Los Angeles, CA 90045.
28  ///

RevolorioComplaint 050224.wpd

3

14. Plaintiff-Debtor, TTW is informed and believes, and thereon alleges that Defendant, Reynaga Trucking, Inc., a California corporation has a principal place of business located at 2121 W. Imperial Highway, No. 493, La Habra, CA 90631.  Plaintiff-Debtor is also informed and believes that Defendant Reynaga Trucking, Inc. is authorized to conduct business in California and maintains an agent for service in California with Legal Solutions, Inc., located at 8939 S. Sepulveda Blvd., Suite 102, Los Angeles, CA 90045.

15. Plaintiff-Debtor, TTW is informed and believes, and thereon alleges that Defendant, Box In Motion, Inc., a California corporation has a principal place of business located at 2121 W. Imperial Highway, Suite 493, La Habra, CA 90631.  Plaintiff-Debtor, TTW is also informed and believes that Defendant, Box In Motion, Inc. is authorized to conduct business in California and maintains an agent for service in California with Legal Solutions, Inc., located at 8939 S. Sepulveda Blvd., Suite 102, Los Angeles, CA 90045.

16. Plaintiff-Debtor, TTW is informed and believes, and thereon alleges that Defendants, David Revolorio and Edgar Reynaga will be collectively referred to as the "Principal Defendants," since Plaintiff-Debtor, TTW is informed and believes that Defendants, David Revolorio at all relevant times, controlled and managed Corporate Defendants Elite Container Solutions, Inc., Reynaga Trucking, Inc., and/or Box In Motion, who now hold assets belonging to the Debtor, or in some manner participated in, assisted, aided or abetted the wrongdoing against the Debtor that is the subject of this Complaint.

17. At all times relevant to this Complaint, Principal Defendants, David Revolorio and Edgar Reynaga also dominated and controlled the Affiliate Defendants (all other named Defendants herein), such that there was such a unity of interest between Principal Defendants, David Revolorio and Edgar Reynaga on the one-hand, and the Affiliate Defendants, on the other hand, that the Affiliate Defendants were the alter egos of the Principal Defendants.

18. The Affiliate Defendants, by and through Principal Defendants, David Revolorio and Edgar Reynaga participated in the alleged acts and omissions such that they are liable for the Principal Defendants' acts and omissions.

///

19. Plaintiff-Debtor, TTW is informed and believes and thereon alleges that Principal Defendants, David Revolorio and Edgar Reynaga, along with Affiliate Defendants, Jose Garcia, an individual; Shayla Harris, an individual; Box In Motion, Inc., a California corporation; Diana Livas, an individual; and Max Piwdee, an individual, are all collectively referred to as Defendants.

## **FACTUAL ALLEGATIONS**

20. Plaintiff-Debtor, TTW Transport, Inc. was in the service business described in the logistics trucking industry as a "drayage company," which essentially is a logistics type company that organizes freight that arrives at the Port of Los Angeles (San Pedro, California), whereby a third party's shipment of goods is either directed to a warehouse location or another over the road shipper for its final destination.

21. Plaintiff-Debtor, TTW Transport, Inc. is also informed and believes that Defendant, David Revolorio and a group of his subordinates all Defendants herein, who were also former employees of the Plaintiff-Debtor, TTW, all created a competing business while still employed by the Debtor.

22. Plaintiff-Debtor, TTW is also informed an believes that Defendant, David Revolorio and the Debtor's now former employees while still employed by the Debtor were able to covertly pay nearly $900,000 using the Debtor's funds to pay vendors that provided services for Defendants, Box In Motion, Elite Container, Inc., and/or Reynaga Trucking, Inc.

23. Plaintiff-Debtor, TTW is also informed that Defendant, David Revolorio, along with the other Defendants, while they were all employed by the Debtor, incurred approximately $1,000,000 in vendor claims by using the Debtor's drayage industry ID number - referred to as a SCAC (Standard Carrier Alpha Code) account numbers that directly benefitted the Debtor's competing businesses, formed by the Debtor's former employees, and Defendants herein, David Revolorio, *et seq*., including but without limitation Defendants, Box In Motion, Elite Container Solutions, Inc. and/or Reynaga Trucking, Inc.

24. Plaintiff-Debtor, TTW is also informed that its business had a going concern value of over $4,000,000 before Principal Defendants, David Revolorio and Edgar Reynaga, along

with the cooperation and participation of the Affiliate Defendants looted, embezzled and otherwise misappropriated the Debtor's assets and going concern value for Defendants, Box In Motion, Elite Container Solutions, Inc.; and/or Reynaga Trucking, Inc.

## FIRST CLAIM FOR RELIEF

### (Breach of Fiduciary Duty Against All Defendants)

25. Plaintiff-Debtor, TTW realleges and incorporates Paragraphs 1 through 24, inclusive of this Complaint as though set forth herein.

26. Former principals of TTW, the Principal Defendants, David Revolorio, et al owed fiduciary duties to Debtor, and upon Debtor's insolvency, their creditors, including, but not limited to, an undivided duty of loyalty, duty of care, and a duty of disclosure.

27. Plaintiff-Debtor, TTW alleges that, as set forth above, the Principal Defendants, including David Revolorio willfully and intentionally breached their fiduciary duties owed to Debtor by acting against the Debtor's and its creditors' interests by abusing their positions by diverting, secreting, hiding, wasting, spending, appropriating, or subverting the Debtor Assets to themselves and to other entities in which they held an interest, including but not limited to Defendants, Box In Motion, Elite Container Solutions and/or Reynaga Trucking, Inc. Plaintiff-Debtor, TTW further alleges that the Principal Defendants breached their fiduciary duties by destroying and/or misappropriating the Debtor's computer and physical records. TTW reserves its right to assert all such additional breaches of fiduciary duties or to amend this complaint to allege such additional breaches of fiduciary duties when they are discovered.

28. As a proximate result of the Principal Defendants, including, but not limited to David Revolorio, breaches of fiduciary duty, Debtor's bankruptcy estate has been damaged in an amount according to proof.

29. The above-described conduct by the Principal Defendants, including but not limited to David Revolorio was committed maliciously, fraudulently, oppressively, and in bad faith. Thus, Plaintiff-Debtor, TTW requests the imposition of punitive damages against the Principal Defendants in an amount sufficient to punish and make an example of Principal Defendants.

Case 8:24-ap-01074-SC    Doc 1    Filed 05/02/24    Entered 05/02/24 18:29:54    Desc
Main Document    Page 14 of 20

## SECOND CLAIM FOR RELIEF

### (Conversion Against All Defendants)

30. Plaintiff-Debtor, TTW realleges and incorporates Paragraphs 1 through 29, inclusive of this Complaint as though set forth herein.

31. Plaintiff-Debtor, TTW owned and had the right to possess its Assets, including the nearly $900,000 covertly paid by the Debtor to third party vendors, however, not for the benefit of the Debtor, but rather for the benefit of some or all of the, Defendants, including but not limited to Box In Motion, Elite Container Solution, Inc. and/or Reynaga Trucking, Inc.

32. Plaintiff-Debtor, TTW alleges that Defendants and each of them, intentionally and substantially interfered with the Debtor Assets and took those assets for themselves for their own benefit, making them unavailable to the Debtor's creditors as set forth above.

33. As a proximate result of Defendants' conversion of the Debtor Assets, Debtor and Debtor's creditors have been damaged in an amount according to proof.

34. The above-described conduct by Defendants was committed maliciously, fraudulently, oppressively, and in bad faith. Thus, Plaintiff-Debtor, TTW requests the imposition of punitive damages against Defendants in an amount sufficient to punish and make an example of Defendants.

## THIRD CLAIM FOR RELIEF

### (Money Had and Received Against All Defendants)

35. Plaintiff-Debtor, TTW realleges and incorporates Paragraphs 1 through 34, inclusive of this Complaint as though set forth herein.

36. Plaintiff-Debtor, TTW alleges that Defendants, and each of them, received the Debtor Assets that were intended to be used for the benefit of the Debtor and its creditors.

37. Plaintiff-Debtor, TTW alleges that the Debtor Assets in the possession of Defendants were not used for the benefit of Debtor and its creditors.

38. Defendants have not returned the Debtor Assets within their possession to Debtor.

///

RevolorioComplaint 050224.wpd

7

39. Plaintiff-Debtor, TTW, therefore, is entitled to a judgment compelling the return of the Debtor Assets, including but without limitation $900,000 paid to third party vendors and/or the $4,000,000 going concern value of the Debtor, in the possession of Defendants to Plaintiff-Debtor, TTW.

## FOURTH CLAIM FOR RELIEF

### (Unjust Enrichment Against All Defendants)

40. Plaintiff-Debtor, TTW realleges and incorporates Paragraphs 1 through 39, inclusive of this Complaint as though set forth herein.

41. Plaintiff-Debtor, TTW alleges that Defendants, and each of them, received a tangible economic benefit through the transfers of the Debtor Assets to themselves as set forth above and such additional transfers as shall be discovered and proven, and Defendants' retention of the Transfers or the value of the Transfers results in unjust retention of said benefit at the Estate's expense.

42. It would be unjust for Defendants to continue to retain the Debtor Assets at the expense of Debtor and its creditors.

43. Plaintiff-Debtor, TTW, therefore, is entitled to a judgment compelling the return of the Debtor Assets, including but without limitation $900,000 paid to third party vendors and/or the $4,000,000 going concern value of the Debtor, in the possession of Defendants to Plaintiff-Debtor, TTW.

## FIFTH CLAIM FOR RELIEF

### (Turnover of Property to the Estate [11 U.S.C. § 542] Against All Defendants)

44. Plaintiff-Debtor, TTW realleges and incorporates Paragraphs 1 through 43, inclusive of this Complaint as though set forth herein.

45. Plaintiff-Debtor, TTW alleges that Defendants are wrongfully in possession, custody, and control of the Debtor Assets in the form of funds, records, documents, files, electronic data, including but without limitation $900,000 paid to third party vendors and/or the $4,000,000 going concern value of the Debtor, that should have been paid to or belong to Plaintiff-Debtor, TTW, and Defendants do not have Plaintiff-Debtor, TTW's consent to be in

possession of the Debtor Assets.

46.    Plaintiff-Debtor, TTW, the Debtor Assets, including but without limitation $900,000 paid to third party vendors and/or the $4,000,000 going concern value of the Debtor, may be used by Plaintiff-Debtor, TTW in connection with its administration of the Bankruptcy Estate.

47.    Plaintiff-Debtor, TTW has sought to recover these Debtor Assets from Defendants and has demanded that Defendants turn over the property to TTW.

48.    Pursuant to 11 U.S.C. § 542, Plaintiff-Debtor, TTW is entitled to turnover of the Debtor Assets held by Defendants, and each of them.

## SIXTH CLAIM FOR RELIEF

**(Avoidance and Recovery of Intentional Fraudulent Transfer [11 U.S.C. § 544, § 548(a)(1)(A), § 550, § 551; California Civil Code § 3439 *et. seq.*] Against All Defendants)**

49.    Plaintiff-Debtor, TTW realleges and incorporates Paragraphs 1 through 48, inclusive of this Complaint as though set forth herein.

50.    Plaintiff-Debtor, TTW alleges that the transfers of the Debtor Assets, including but without limitation $900,000 paid to third party vendors and/or the $4,000,000 going concern value of the Debtor, to Defendants, and each of them, were made within the relevant period of time prior to the Petition Date.

51.    Plaintiff-Debtor, TTW alleges that the transfers of the Debtor Assets to Defendants, including but without limitation $900,000 paid to third party vendors and/or the $4,000,000 going concern value of the Debtor, and each of them, were made either in anticipation of bankruptcy and/or to prevent the Plaintiff-Debtor, TTW from paying its debts.

52.    Plaintiff-Debtor, TTW alleges that the transfers of the Debtor Assets, including but without limitation $900,000 paid to third party vendors and/or the $4,000,000 going concern value of the Debtor, to Defendants, and each of them, were made for the purpose of preventing a prospective bankruptcy trustee or creditors of the Plaintiff-Debtor, TTW from obtaining the value of the assets transferred.

///

53.     Plaintiff-Debtor, TTW alleges that the transfers of the Debtor Assets, including but without limitation $900,000 paid to third party vendors and/or the $4,000,000 going concern value of the Debtor, to Defendants, and each of them, were made with the actual intent to hinder, delay, or defraud creditors.

54.     Plaintiff-Debtor, TTW alleges that the transfers of the Debtor Assets to Defendants, and each of them, were fraudulent transfers avoidable under 11 U.S.C. Sections 544 and 548 and California Civil Code Sections 3439.04, 3439.07, and/or 3439.09.

55.     Plaintiff-Debtor, TTW may recover, for the benefit of the Estate, the Debtor Assets transferred to Defendants, or the value of those assets, from Defendants or from any entity for whose benefit the transfers were made, or any immediate or mediate transferee of such initial transferee pursuant to 11 U.S.C. Sections 550 and 551.

## SEVENTH CLAIM FOR RELIEF

**(Avoidance and Recovery of Constructive Fraudulent Transfer [11 U.S.C. § 544, 548(a)(1)(B), 550, 551; Cal. Civ. Code § 3439 et. Seq.] Against All Defendants)**

56.     Plaintiff-Debtor, TTW realleges and incorporates Paragraphs 1 through 55, inclusive of this Complaint as though set forth herein.

57.     Plaintiff-Debtor, TTW alleges that the transfers of the Debtor Assets, including but without limitation $900,000 paid to third party vendors and/or the $4,000,000 going concern value of the Debtor, to Defendants, and each of them, were made: (i) for less than reasonably equivalent value to Plaintiff-Debtor, TTW or any value, in exchange for said transfers; (ii) while the Plaintiff-Debtor, TTW was engaged or about to engage in a business or transaction for which the remaining assets were unreasonably small in relation to the business or the transaction; (iii) while the Plaintiff-Debtor, TTW intended to incur; or believed or reasonably should have believed it would incur, debts beyond its ability to pay them as they became due; and/or (iv) by the time that the Plaintiff-Debtor, TTW was insolvent and/or was rendered insolvent by virtue of the transfers.

58.     Plaintiff-Debtor, TTW alleges that the transfers of the Debtor Assets, including but without limitation $900,000 paid to third party vendors and/or the $4,000,000 going concern

1 value of the Debtor, to Defendants, and each of then, were fraudulent transfers avoidable under

2 11 U.S.C. Sections 544 and 548 and California Civil Code Sections 3439.04, 3439.05, 3439.07,

3 and/or 3439.09.

4     59.    Plaintiff-Debtor, TTW may recover, for the benefit of the Estate, the Debtor Assets

5 transferred to Defendants, or the value of those assets, from Defendants or from any entity for

6 whose benefit the transfers were made, or any immediate or mediate transferee of such initial

7 transferee pursuant to 11 U.S.C. Sections 550 and 551.

**EIGHTH CLAIM FOR RELIEF**

**(Violation of Cal. Penal Code § 496(c) Against All Defendants)**

10     60.    Plaintiff-Debtor realleges and incorporates Paragraphs 1 through 59, inclusive

11 of this Complaint as though set forth herein.

12     61.    Plaintiff-Debtor, TTW alleges that Defendants, and each of them, engaged in theft

13 of the Debtor Assets, including but without limitation $900,000 paid to third party vendors and/or

14 the $4,000,000 going concern value of the Debtor, in violation of California Penal Code Section

15 496(a), which states, "Every person who buys or receives property that has been stolen or that

16 has obtained in any manner constituting theft or extortion, knowing the property to be so stolen

17 or obtained, or who conceals, sells, withholds, or aids in concealing, selling or withholding any

18 property from the owner, knowing the property to be so stolen of obtained, shall be punished

19 by imprisonment in a county jail not exceeding one year."

20     62.    Plaintiff-Debtor, TTW alleges that each Defendant has been advised that they

21 have received Plaintiff-Debtor, TTW's stolen property or property that has been obtained in a

22 manner constituting theft; nevertheless, each Defendant continues to withhold the stolen funds

23 or property from Plaintiff-Debtor, TTW in violation of California Penal Code Section 496(a).

24     63.    Plaintiff-Debtor, TTW alleges that pursuant to California Penal Code Section

25 496(c), TTW is entitled to recover for the benefit of the Estate three times the amount of

26 Plaintiff-Debtor, TTW's actual damages, costs of suit, and reasonable attorneys' fees.

27 ///

28 ///

**PRAYER**

**WHEREFORE**, Plaintiff-Debtor, TTW Transport, Inc., seeks judgment as follows:

**ON THE FIRST CLAIM FOR RELIEF**

1. For general, consequential, and special damages in an amount not less than $4,000,000, which is the estimated value of property transferred.

2. For punitive damages against the Principal Defendants, in an amount to be determined by the trier of fact.

**ON THE SECOND CLAIM FOR RELIEF**

3. For general, consequential, and special damages in an amount not less than $4,000,000, which is the estimated value of property transferred.

4. For punitive damages against Defendants, in an amount to be determined by the trier of fact.

**ON THE THIRD CLAIM FOR RELIEF**

5. For judgment compelling the return of the Debtor Assets in the possession of Defendants to Plaintiff-Debtor, TTW.

**ON THE FOURTH CLAIM FOR RELIEF**

6. For judgment compelling the return of the Debtor Assets, including but without limitation $900,000 paid to third party vendors and/or the $4,000,000 going concern value of the Debtor, in the possession of Defendants to Plaintiff-Debtor, TTW.

**ON THE FIFTH CLAIM FOR RELIEF**

7. For judgment compelling Defendants, and each of them, to turn over the Debtor Assets, including but without limitation $900,000 paid to third party vendors and/or the $4,000,000 going concern value of the Debtor, to the Estate.

**ON THE SIXTH CLAIM FOR RELIEF**

8. For avoidance of the transfers under 11 U.S.C. Sections 544 and 548 and/or Cal. Civ. Code Sections 3439.04, 3439.05, 3439.07, and 3439.09 and judgment in an amount not less than $4,000,000, which is the estimated value of property transferred.

///

9.    For an order that TTW shall recover from Defendants or any immediate or mediate transferee of Defendants the fraudulent transfers and any other avoided transfers discovered after the date of this complaint under 11 U.S.C. Sections 550 and 551.

### ON THE SEVENTH CLAIM FOR RELIEF

10.    For avoidance of the transfers under 11 U.S.C. Sections 544 and 548 and/or Cal. Civ. Code Sections 3439.04, 3439.05, 3439.07, and 3439.09 and judgment in an amount not less than $4,000,000, which is the estimated value of property transferred.

11.    For an order that TTW shall recover from Defendants or any immediate or mediate transferee of Defendants the fraudulent transfers and any other avoided transfers discovered after the date of this complaint under 11 U.S.C. Sections 550 and 551.

### ON THE EIGHTH CLAIM FOR RELIEF

12.    For three times the amount of its actual damages and costs of suit and reasonable attorneys' fees pursuant to Cal. Penal Code Section 496(c).

### ON ALL CLAIMS FOR RELIEF

13.    For preliminary and permanent injunctive relief as may be necessary to prevent the likelihood of or to permanently prevent Defendants from diverting, secreting, hiding, wasting, destroying, possessing, spending, appropriating, embezzling, or subverting assets derived from or related to Plaintiff-Debtor, TTW during the pendency of this action and thereafter and to preserve the possibility of effective final, permanent relief, including, but not limited to, temporary, preliminary and permanent injunctions, an order freezing assets, and immediate access to records.

14.    For costs of suit, including attorney's fees that may be awarded by statute, case law and/or agreement fo the parties.

15.    For such other and further relief as the Court deems just and proper.

**DATED: May 2, 2024**            **POLIS & ASSOCIATES**
                                            **A PROFESSIONAL LAW CORPORATION**

                                            **By:  /s/ Thomas J. Polis**
                                                **Thomas J. Polis, Esq.**
                                                **General Counsel for Debtor/**
                                                **Debtor-in-Possession,**
                                                **TTW Transport, Inc.**