1  Thomas J. Polis, Esq. (SBN 119326)
**POLIS & ASSOCIATES, APLC**
2  19800 MacArthur Blvd., Suite 1000
Irvine, California 92612
3  Telephone: (949) 862-0040
Facsimile:  (949) 862-0041
4  Email:  tom@polis-law.com

5
General Counsel for TTW Transport, Inc.
6

7
**UNITED STATES BANKRUPTCY COURT**
8
**CENTRAL DISTRICT OF CALIFORNIA –SANTA ANA DIVISION**
9

10 | **In re**                                              | **Case No.: 8:24-bk-10559-SC**

11 | **TTW Transport, Inc.,**                               | **Chapter 11**

12 |                                                        | **Adv. Proc. No.: 8:24-ap-01074-SC**

13 |                                    **Debtor.**         |

14 | **TTW Transport, Inc.,**                               | **PLAINTIFF, TTW TRANSPORT, INC.'S OPPOSITION TO DEFENDANTS DAVID REVOLORIO, ELITE CONTAINER SOLUTIONS, EDGAR REYNAGA AND REYNAGA TRUCKING'S MOTION FOR ORDER RE: COMPEL REQUEST FOR PRODUCTION OF DOCUMENTS (ECF NO. 28); AND MOTION FOR ORDER RE: COMPEL RESPONSES TO FIRST AND SECOND INTERROGATORIES (ECF NO. 29); AND FOR SANCTIONS; DECLARATIONS OF THOMAS J. POLIS, ESQ. AND GREG KUTZBACH IN SUPPORT THEREOF**

15 |                                    **Plaintiff,**      |

16 | vs.                                                    |

17 | **David Revolorio, an individual and as a principal of Elite Container Solutions, Inc.; Elite Container Solutions, Inc., a California corporation; Edgar I. Reynaga, an individual and as a principal of Reynaga Trucking, Inc.; Reynaga Trucking, Inc., a California corporation; Rey Jose Garcia, an individual; Shayla Harris, an individual; Box In Motion, Inc., a California corporation; Diana Livas, an individual; and Max Piwdee, an individual,** |

18 |

19 |

20 |

21 |

22 |                                                        | **[Request for Judicial Notice Filed and Served Concurrently Herewith]**

23 |                                                        | **Hearing**:
Date:    August 28, 2024
Time:    11:00 a.m.
Ctrm:    5C, Fifth Floor (via Zoom)
           U.S. Bankruptcy Court
           411 W. Fourth Street
           Santa Ana, CA 92701

24 |                                    **Defendant.**     |

25 |

26 |

27 |

28 |

1
PLAINTIFF'S OPPOSITION RE: DEFENDANTS' MOTION TO COMPEL

**TO THE HONORABLE SCOTT C. CLARKSON, U.S. BANKRUTCY JUDGE; DEFENDANTS DAVID REVOLORIO, EDGAR REYNAGA, ELITE CONTAINER SOLUTIONS, REYNAGA TRUCKING AND THEIR COUNSEL OF RECORD; OFFICE OF THE U.S. TRUSTEE – SANTA ANA; AND OTHER PARIETIES IN INTEREST:**

Plaintiff and Debtor-in-Possession, TTW Transport, Inc. ("Plaintiff" or "TTW") hereby submits the following *Opposition Re: Defendants' Motion for Order Re: Compel Discovery And For Sanctions* ("*Discovery Motion*"). For the reasons detailed herein, Plaintiff, TTW respectfully requests that the Court deny Defendants, David Revolorio, Elite Container Solutions, Edgar Reynaga and Reynaga Trucking's (collectively "Defendants") Discovery Motion based on the following factual and legal reasons:

1. Local Bankruptcy Rule 7026-1(c) compels all discovery motions to follow a detailed set of requirements, including but without limitation a formal meet and confer requirement and a stipulation prepared by the moving party after the input of both parties addressing the purported discovery disputes, each parties' position concerning the discovery and each parties' position how best to resolve the dispute. However, in this case, Defendants, through their counsel completely failed to conduct a meet and confer nor circulate a stipulation as to each Party's position concerning the outstanding discovery and how best to resolve the purported discovery issue, thus pursuant to LBR 7026-1(c), Plaintiff, TTW respectfully requests that the Court deny in, its entirety, Defendants' *Discovery Motion*;

2. As detailed herein, despite Defendants' counsel's never-ending attempts to distract from the merits of the underlying complaint with their hastily filed and procedurally defective *Discovery Motion*, Defendants' counsel was well aware, Plaintiff's counsel was away on a two-week family vacation to Paris, France for the 2024 Olympics from July 28, 2024 through and including August 12, 2024.

Plaintiff's counsel simply requested to address the discovery issues immediately upon his return on August 13, 2024, yet despite that simple professional courtesy, Defendants, David Revolorio, et al. nonetheless hastily filed their procedurally defective 100-page *Discovery Motion*, which as explained herein was and continues to be completely unnecessary;

3. Despite Plaintiff's counsel's simple request to delay for two weeks Defendants' purported discovery requests during Plaintiff's counsel's long planned family vacation, Plaintiff's counsel had remotely diligently gathered all the documents related to the underlying claims in Plaintiff's Complaint and is in the process of forwarding the information to Defendants' counsel.  Specifically, as detailed in Plaintiff's counsel's declaration attached hereto, the following steps have been taken to push forward document exchanges and other pre-trial informal and formal exchanges:

a) In late June 2024, Plaintiff's counsel forwarded to Defendants' counsel the nearly 600-page Excel Spreadsheets that detailed Defendants' fraudulent activity consisting of unauthorized charges totaling over $800,000 to TRAC Intermodal and Direct ChassisLink, consequently, Defendants' counsel has had the underlying source documents since June 2024 that details a substantial portion of the basis of Plaintiff's claims against Defendants, David Revolorio, et al.;

b) As Plaintiff's counsel discussed during the July 17, 2024 Status Conference, there are 100's of incriminating emails further corroborating Defendants, David Revolorio, et al.'s bad acts of self-dealing and fraudulent transactions.  The Court ordered all such emails to be turned over to Defendants' counsel on or before August 27, 2024.  To comply with the Court's mandate, Plaintiff has retained a forensic document expert, Greg Kutzbach of CMIT, Digital Forensics and Cybersecurity to organize the 100's of incriminating emails for an effective production to Defendants' counsel.  As detailed in the

attached Declaration of Greg Kutzbach, the portable discovery platform that will allow Defendants' counsel to review the 100's of incriminating emails and other related documents during the week of August 19, 2024, completely consistent with the Court's Order to make available such documents on or before August 27, 2024; and

c)   On August 8, 2024, Plaintiff's counsel served and filed its Initial Disclosures detailing the major aspects of Plaintiff's case, including designating its accounting and valuation expert, Kurt Stake, CPA and Greg Kutzbach, Forensic/Cybersecurity expert. Plaintiff's Initial Disclosures explained that Mr. Stake's Export Report should be completed by October 1, 2024, sufficient time for Defendants to conduct an Expert Deposition before the November 14, 2024 Discovery Cutoff.

4.   Finally, Defendants' hastily filed and procedurally defective *Discovery Motion* is "par for the course" for Defendants' counsel. Specifically, Plaintiff's counsel and Defendants' counsel recently litigated a case (*Anderson v. Silao*, Adv. Proc. No. 6:18-ap-01193-SY) that went to trial in January 2023 which resulted in a judgment in favor of Plaintiff's counsel's client for nearly $200,000, that was recently affirmed on appeal by the U.S. District Court for the Central District of California. The relevance of this prior Adversary Proceeding and the present Defendants' *Discovery Motion* is that in the prior Adversary Proceeding, Defendants' counsel filed numerous procedurally defective voluminous discovery motions that were routinely denied sua sponte by Judge Scott Yun. Attached hereto to Plaintiff's *Request for Judicial Notice* filed and served concurrently herewith are true and correct copies of Defendants' counsel's similarly filed discovery motions that were likewise denied by Bankruptcy Judge Scott Yun in another adversary proceeding. Plaintiff's counsel is simply bringing these to the Court's attention to highlight Defendants' counsel's propensity to repeatedly and hastily file procedurally defective discovery motions that fail to comply with the Local Bankruptcy Rules. Plaintiff is simply requesting the Court deny Defendants' hastily filed procedurally defective *Discovery Motion* for the reasons detailed herein.

In the event Defendants want to reply to Plaintiff's *Opposition Re: Defendants' Discovery and Sanctions Motion*, such written reply shall be filed and served on or before 7 calendar days before the above-captioned hearing date.

**DATED: August 14, 2024**                    **POLIS & ASSOCIATES, APLC**

By:     /s/  Thomas J. Polis
**General Counsel for Plaintiff
TTW Transport, Inc.,
Debtor/Debtor-in-Possession**

**I.**

## PLAINTIFF'S INTRODUCTORY STATEMENT RE: OPPOSITION TO DEFENDANTS' DISCOVERY AND SANCTIONS MOTION

Defendants, David Revolorio, et al., through their counsel filed what Plaintiff believes was not only hastily filed, but blatantly fails to comply in all material aspects to Local Bankruptcy Rule 7026-1(c), which requires all moving parties prosecuting a discovery motion to comply with Meet and Confer requirements and a jointly drafted discovery stipulation, which both requirements are the responsibility of the moving party. In this case, Defendants' counsel inexplicably believes he is somehow exempt from such mandatory requirements. Further, as detailed herein, Plaintiff's counsel simply requested that Defendants' counsel stand down until after August 12, 2024 while Plaintiff's counsel was away on a long-planned family vacation to Paris, France to enjoy the 2024 Olympics with family and friends.[1] Defendants' counsel, nonetheless, without complying with Local Bankruptcy Rule 7026-1(c) hastily filed Defendants' 100-page procedurally defective *Discovery Motion*. More importantly, notwithstanding Plaintiff's counsel's family vacation as detailed herein Plaintiff's counsel has already produced over 600 pages detailing over $800,000 of fraudulent transactions by Defendants, David Revolorio, et al. Further, Plaintiff has retained a cyber forensic expert to organize all of the incriminating emails involving Defendants' fraud that will be made available to Defendants' counsel the week of August 19, 2024. Finally, now that Plaintiff's counsel has returned from his family vacation, Plaintiff will be serving Amended/Supplemental Discovery Responses on Defendants' counsel the week of August 19, 2024.

For the reasons detailed herein and supported by the Declaration testimony of Plaintiff's counsel, Thomas J. Polis, Esq. and Greg Kutzbach, Plaintiff respectfully requests that the Court deny, in its entirety, Defendants' *Discovery and Sanctions Motion*.

---

[1] Somewhat ironic, Plaintiff's counsel simply asked Defendants' counsel to step back on the purported discovery disputes until he returned from his family vacation, yet on July 23, 2024, Defendants' counsel sent an email to Plaintiff's counsel asking for Plaintiff's counsel's Initial Disclosures before Defendants' counsel was likewise on a family vacation in mid-August 2024, thus somewhat disingenuous for Defendants' counsel asks for professional courtesy but doesn't reciprocate with professional courtesy.

II.

**POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION RE:**

**DEFENDANTS' PROCEDURALLY DEFECTIVE DISCOVERY MOTION**

**A.** **DEFENDANTS' DISCOVERY MOTION SHOULD BE DENIED DUE TO ITS FAILURE TO COMPLY IN ALL MATERIAL RESPECTS TO LOCAL BANKRUPTCY RULE 7026-1(C)**

Local Bankruptcy Rule 7026-1(c) provides:

(c) **Failure to Make Disclosures or Cooperate In Discovery**

(1) General. Unless excused form complying with this rule by order of the court good cause shown, a party must week to resolve any dispute arising under FRBP 7026-70o37 or FRBP 2004 in accordance with this rule.

(2) Meeting of Parties. Prior to the filing of any motion relating to discovery, the parties must meet in person or by telephone in a good faith effort to resolve a discovery dispute. It is the responsibility of the moving party to arrange the conference. Unless altered by agreement of the parties or by order of the court for cause shown, the opposing party must meet with the moving party within 7 days of service upon the opposing party of a letter requesting such meeting and specifying the terms of the discovery order to be sought.

(3) Moving Papers. If the parties are unable to resolve the dispute, the party seeking discovery must file and serve a notice of motion together with a written stipulation by the parties.

(A) The stipulation must be contained in 1 document and must identify, separately and with particularity, each disputed issue that remains to be determined at the hearing and the contentions and points and authorities of each party as to each issue.

(B) The stipulation must not simply refer the court to the document containing the discovery request forming the basis of the dispute. For example, if the sufficiency of an answer to an interrogatory is in issue, the stipulation must contain, verbatim, both the interrogatory and the allegedly insufficient answer, followed by each party's contentions, separately stated.

(C) In the absence of such stipulation or a declaration of a party of noncooperation by the opposing party, the court will not consider the discovery motion.

(4) Cooperation of Parties; Sanctions. The failure of any party either to cooperate in this procedure, to attend the meeting of

> parties, or to provide the moving party the information necessary to prepare the stipulation required by this rule within 7 days of the meeting of parties will result in the imposition of sanctions, including the sanctions authorized by FRBP 7037 and LBR 9011-3. (Emphasis added.)

Despite the mandatory requirements, Moving Party/Defendants David Revolorio, et al. failed to comply with the requirements of LBR 7026(c). Specifically, Moving Party/Defendants, David Revolorio, et al.'s first email on the issue, dated July 25, 2024, proposed a telephonic meet and confer (See, ¶ 7 of Thomas J. Polis, Esq. Declaration). Plaintiff's counsel promptly responded on July 30, 2024, to inform Defendants' counsel that he (Plaintiff's counsel was away on a planned family vacation to Paris, France for the 2024 Olympics from July 28, 2024 through and including August 12, 2024 (See, ¶ 8 of Thomas J. Polis, Esq. Declaration). Despite, the simple request by Plaintiff's counsel for a modicum of professional courtesy while he (Plaintiff's counsel) was away on a family vacation, and without complying with the mandatory "Meet and Confer" requirement on August 1, 2024, Defendants, through their counsel filed their *Discovery Motion*. (See, ¶ 9 of Thomas J. Polis, Esq. Declaration).

Secondly, LBR 7026-1(c)(3) also requires the moving party for any discovery motion to first circulate a draft stipulation to the non-moving party to address each parties' position of the purported discovery dispute. Moving Party/Defendants, David Revolorio, et al. likewise did not comply with that mandatory requirement of the LBR 7026-1(c)(3). (See, ¶ 10 of Thomas J. Polis, Esq. Declaration).

Consequently, the simple fact that Moving Party/Defendants, David Revolorio, et al. failed to comply with the mandatory provisions of Local Bankruptcy Rule 7026(c)(3) dictates the Court summarily deny Defendants' *Discovery Motion*.

**B.   DESPITE PLAINTIFF'S COUNSEL BEING AWAY FOR A FAMILY VACATION FROM JULY 28, 2024 THROUGH AND INCLUDING AUGUST 12, 2024, PLAINTIFF'S COUNSEL CONTINUED TO MOVE FORWARD ON VARIOUS INFORMAL DISCOVERY ASPECTS OF THE ADVERSARY PROCEEDING**

As noted herein and supported by the Declaration of Thomas J. Polis, Esq., Plaintiff's counsel really wanted to enjoy uninterrupted his family and friends during their once in a lifetime vacation to Paris, France for the 2024 Olympics. Plaintiff's counsel was hoping his

detailed July 30, 2024 email to Defendants' counsel asking for simple professional courtesy to delay addressing the purported discovery issues until his return would suffice. (See, ¶ 11 of Thomas J. Polis, Esq. Declaration). However, it's become abundantly clear that Defendants' counsel will not extend professional courtesy in this case. (Note: Somewhat ironic that though Defendants' counsel would not extend any professional courtesy to Plaintiff's counsel on August 1, 2024, Defendants' counsel sent an email to Plaintiff's counsel asking about Initial Disclosures and whether they could be filed before Defendants' counsel was away on his vacation, it appears professional courtesy only works when Defendants' counsel is requesting any leeway.) (See, ¶ 12 of Thomas J. Polis, Esq. Declaration).

Nonetheless, despite Plaintiff's counsel being away on a family vacation, Plaintiff's counsel was able to direct his office staff to complete various informal document production for this Adversary Proceeding:

1) On August 8, 2024, Plaintiff's Initial Disclosures were filed and served in this Adversary Proceeding (*See*, ECF No. 36, a copy is enclosed with Plaintiff's Request for Judicial Notice, filed and served concurrently herewith);

2) On August 8, 2024, Plaintiff's Notice of Expert Designation of Kurt Stake, CPA was also filed and served in this Adversary Proceeding (*See*, ECF No. 37, a copy is enclosed with Plaintiff's Request for Judicial Notice, filed and served concurrently herewith);

3) In late July 2024 and into early August 2024, Plaintiff's counsel completed Plaintiff's retention of Greg Kutzbach of CMIT Cybersecurity to complete the task of compiling and organizing incriminating emails that prove the fraudulent self-dealing and other bad acts of Defendants, David Revolorio, et al. Specifically, due to the voluminous nature of the incriminating emails and the number of Defendants involved, a third-party cybersecurity company was needed to organize the 100's of incriminating emails that will be made available to all parties and counsel to this Adversary Proceeding. As Plaintiff's counsel informed the Court during the July 17, 2024. Status Conference the portable

link to all of the incriminating emails will be made available to Defendants' counsel the week of August 19, 2024, before the Court's ordered deadline of August 27, 2024. (See, ¶ 2 of Greg Kutzbach Declaration).

Consequently, though Plaintiff was trying to enjoy his family and friends during their once in a lifetime Paris vacation for the 2024 Olympics, Plaintiff's counsel also did his best to move forward various aspects of this Adversary Proceeding. The fact that Defendants' counsel would not extend a simple professional courtesy to respond to the proposed discovery disputes should not be the basis to impose any sanctions on Plaintiff as alleged in Defendants' hastily filed and procedurally defective *Discovery Motion*. Moreover, as explained herein, Plaintiff is in the process of diligently supplementing its Discovery Responses, which will be provided to Defendants' counsel the week of August 19, 2024.

**C.    DEFENDANTS' COUNSEL'S FAILURE TO COMPLY WITH LOCAL BANKRUPTCY RULE 7026-1(C) WAS LIKEWISE REPEATED IN ANOTHER ADVERSARY PROCEEDING BETWEEN THE SAME COUNSEL WITH NOT SO GOOD RESULTS FOR DEFENDANTS' COUNSEL**

As detailed herein, Plaintiff's counsel respectfully requests that the Court deny Defendants' *Discovery Motion*. Plaintiff believes that both procedurally and substantively Defendants' *Discovery Motion* should be denied. Moreover, further history and backdrop between the two-counsel involved in the above-captioned Adversary Proceeding likewise dictate the denial of Defendants' *Discovery Motion*. Specifically, in Adversary Proceeding, *Anderson v. Silao*, Adv. Proc. No. 6:18-ap-01193-SY, Defendants' counsel in this Adversary Proceeding likewise represented a defendant that also had discovery issues. And similar to this Adversary Proceeding, Defendants' counsel filed various procedurally defective discovery motions that were also denied by Bankruptcy Judge Scott Yun. Further, Defendants' counsel endless efforts to detract from the merits of this Adversary Proceeding with the procedurally defective *Discovery Motion* was likewise attempted in the other referenced Adversary Proceeding that concluded with a judgment in favor of Plaintiff's counsel's client that was recently upheld by the U.S. District Court.

Again, the relevance of bringing this to the Court's attention is to point out that Defendants' hastily filed and procedurally defective Discovery Motion has been repeated in

other Adversary Proceedings before this Court, with little if any impact on the ultimate outcome of the Adversary Proceeding.

### III.

### CONCLUSION

For the reasons detailed herein, Plaintiff, TTW Transport, Inc. respectfully requests that the Court deny Defendants, David Revolorio, Elite Container Solutions, Edgar Reynaga and Reynaga Trucking's *Discovery and Sanctions Motion*. Plaintiff respectfully believes that Defendants' *Discovery and Sanctions Motion* is procedurally defective when compared to the mandatory requirements of Local Bankruptcy Rule 7026-1(c). Further, as noted herein, all Plaintiff's counsel was a simple two-week extension to address any of Defendants' purported issues, while Plaintiff's counsel was away on a family vacation to Paris, France for the 2024 Summer Olympics. Despite that simple requested professional courtesy, Defendants' counsel nonetheless a few days later filed his procedurally defective *Discovery Motion*. Now that Plaintiff's counsel is back from his vacation, Amended/Supplemental Discovery responses will be filed and served during the week of August 19, 2024. Additionally, as detailed herein, other informal document exchanges have accrued by Plaintiff's counsel along with other documents that will be made available to Defendants' counsel the week of August 19, 2024.

**DATED:   August 14, 2024**                                    **POLIS & ASSOCIATES, APLC**

                                                **By:        /s/  Thomas J. Polis        **
                                                         **General Counsel for Plaintiff**
                                                         **TTW Transport, Inc.,**
                                                         **Debtor/Debtor-in-Possession**

**DECLARATION OF THOMAS J. POLIS**

I, Thomas J. Polis, declare as follows:

1.    I am an attorney at law, duly licensed to practice before all courts of the State of California and this Court. I am the principal of Polis & Associates, APLC, and the Counsel to the Plaintiff/Debtor/Debtor-in-Possession, TTW Transport, Inc. in the above-captioned bankruptcy case. I make this declaration in support of Plaintiff's *Opposition to Defendants' Motion for Order to Compel Discovery and for Sanctions*. If compelled to do so, I would competently testify under the penalty of perjury to all of the factual statements herein.

2.    I am familiar with how documents and records received or generated by Polis & Associates in its cases are stored and filed at or shortly after the time they are received. Any documents referenced herein was stored, filed, or recorded in accordance with the usual business practices of Polis & Associates.

3.    I am familiar with how documents and records received or generated by Polis & Associates in its cases are stored and filed at or shortly after the time they are received. Any documents referenced herein was stored, filed, or recorded in accordance with the usual business practices of Polis & Associates.

4.    It is Polis & Associates' practice to record transactions, acts, conditions and events concerning its transactions, including but without limitation to billing statements and invoices, and all related documents relevant to Polis & Associates'. Polis & Associates maintain those records and relies upon such records in business dealings with third parties.

5.    I have personally reviewed Polis & Associates' documents, books and records relevant to the extent necessary to prepare this declaration.

6.    On or about May 2, 2024, Plaintiff, TTW filed its Complaint in the above-captioned Adversary Proceeding.

7.    I received Defendants, David Revolorio, et al.'s counsel's first email on the issue dated July 25, 2024, proposed a telephonic meet and confer.

8.    I promptly responded on July 30, 2024, to inform Defendants' counsel that I (Plaintiff's counsel) was away on a planned family vacation to Paris, France for the 2024

1  Olympics from July 28, 2024 through and including August 12, 2024.  Attached hereto as
2  Exhibit "A" is a true and correct copy of the July 30, 2024 email to Defendants' counsel.

3  9.  Despite, the simple request by me for a modicum of professional courtesy while
4  I was away on a family vacation, and without complying with the mandatory "Meet and Confer"
5  requirement on August 1, 2024, Defendants, through their counsel filed their *Discovery*
6  *Motion*.

7  10.  Secondly, LBR 7026-1(c)(3) also requires the moving party for any discovery
8  motion to first circulate a draft stipulation to the non-moving party to address each parties'
9  position of the purported discovery dispute.  Moving Party/Defendants, David Revolorio, et al.
10 likewise did not comply with that mandatory requirement of the LBR 7026-1(c)(3).

11 11.  I really wanted to enjoy an uninterrupted family and friends' vacation in Paris,
12 France for the 2024 Olympics.  I was hoping my detailed July 30, 2024 email to Defendants'
13 counsel asking for simple professional courtesy to delay addressing the purported discovery
14 issues until I returned to the office would suffice.

15 12.  However, it's become abundantly clear that Defendants' counsel will not extend
16 professional courtesy in this case.  (Note:  Somewhat ironic that though Defendants' counsel
17 would not extend any professional courtesy to me, on July 23, 2024, Defendants' counsel sent
18 an email to me asking about Initial Disclosures and whether they could be filed before
19 Defendants' counsel was away on his vacation, it appears professional courtesy only works
20 when Defendants' counsel is requesting any leeway.)  Attached hereto as Exhibit "B" is a true
21 and correct copy of Defendants' counsel's July 23, 2024 email to me asking for action in light
22 of Defendants' counsel's upcoming vacation.

23 13.  As explained in the accompanying Declaration of Greg Kutzbach with CMIT
24 Cybersecurity and Forensics, the organized incriminating emails will be made to opposing
25 counsel the week of August 19, 2024.

26 ///
27 ///
28 ///

I declare under penalty of perjury that the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of August, 2024.

               /s/ Thomas J. Polis
               Thomas J. Polis

# DECLARATION OF GREG KUTZBACH

I, Greg Kutzbach, declare as follows:

1. I am a principal with the forensics company CMIT Solutions, Digital Forensics and Cybersecurity, with our office located at 3100 E. Miraloma Avenue, Suite 220, Anaheim, CA 92806. The business telephone number is 657.230.7099 and my email address: GKutzbach@cmitsolutions.com. I make this declaration in support of Plaintiff's *Opposition to Defendants' Motion for Order to Compel Discovery and for Sanctions*. If compelled to do so, I would competently testify under the penalty of perjury to all of the factual statements herein.

2. In late July 2024 and into early August 2024, Plaintiff's counsel completed retention of CMIT Solutions to complete the task of compiling and organizing incriminating emails that support the fraudulent self-dealing and other bad acts of Defendants, David Revolorio, et al. Specifically, due to the voluminous nature of the incriminating emails and the number of Defendants involved, a third-party cybersecurity company was needed. Due to the number of emails involved, along with organizing and formatting the incriminating emails of the various Defendants, I expect to have a production made available to Defendants' counsel with the incriminating emails that were the source of my Forensic Report, dated, November 14, 2023.

I declare under penalty of perjury that the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of August, 2024.

Greg Kutzbach
CMIT Anaheim West
Digital Forensics

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **POLIS & ASSOCIATES, 19800 MacArthur Boulevard, Suite 1000, Irvine, California 92612-2433**

A true and correct copy of the foregoing document **PLAINTIFF, TTW TRANSPORT, INC.'S OPPOSITION TO DEFENDANTS DAVID REVOLORIO, ELITE CONTAINER SOLUTIONS, EDGAR REYNAGA AND REYNAGA TRUCKING'S MOTION FOR ORDER RE: COMPEL REQUEST FOR PRODUCTION OF DOCUMENTS (ECF NO. 28); AND MOTION FOR ORDER RE: COMPEL RESPONSES TO FIRST AND SECOND INTERROGATORIES (ECF NO. 29); AND FOR SANCTIONS; DECLARATIONS OF THOMAS J. POLIS, ESQ. AND GREG KUTZBACH IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (ANEF@)** B Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 14, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Alan I Nahmias**    anahmias@mbn.law, jdale@mbn.law
**Baruch C Cohen**    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
**Thomas J Polis**    tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
**United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY U.S. MAIL:**
On **, August 14, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Scott Clarkson, US Bankruptcy Court, 411 W. Fourth St., #5130, Santa Ana, CA 92701

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 14, 2024 | Cristina Allen | /s/ Cristina Allen |
|---|---|---|
| *Date* | *Type Name* | *Signature* |